On December 2, 2003, I was terminated by FMC BioPolymer of 1301 Ogletown Road Newark Delaware 19711. The reason given was because I had a joke file folder in my e-mail with inappropriate material. This was a violation of the e-mail policy. My termination was due to retaliation of the Union President and failure of the FMC management responsibilities.

This started when I wrote up the Union President for something he did in October 2003 (instructed by upper management) for offensive, insubordinate behavior on the shop floor. The Union President wanted to make a deal with the company, use a trump card as he called it. He stated that he had something on a supervisor and if they tear this write-up up he would forget about it. The company did not want to deal and asked what do you have. What he had was, I sent an e-mail out in August 2003 (which I got by e-mail) to a selected few. This was sent and received without anyone complaining or finding it offensive. This was sent to a Manager without any negative replies. The Union President was furious and went to FMC Corporate Office in Philadelphia. The Union President violated the contract Article V Grievance Procedure bypassing their contract between FMC. The Union President also made threats that he was going to get me fired. I communicated this to my manager.

I was called to the HR Manager's Office with my Manager and asked about the e-mail I sent out in August. I stated that I did send it out, I received it from e-mail and I thought that a couple of other people would get a laugh from it. I was asked if I had anything else like this that he needed to know. I stated that I have a email joke folder. People would send me joke e-mails and if I did not have time to look at them I would file them for later. When I had time I will go back to open them, delete them if in bad taste and copy the ones to a disk if I wanted to keep them. The HR Manager asked me if there were any jokes in the folder worse then the e-mail I sent out. I explained I did not think so, I don't remember any, but I didn't open all of them. The HR Manager and my Manager stated that they get e-mail jokes and what they do is open it, delete it or send it home to their e-mail address. I stated I have daughters using our home computer, that is why I was going to save the ones on disk. I stated if I knew this was in violation of the e-mail policy that I would have deleted everything as I got them. I would not have open them. I opened the e-mail jokes that I received without opening all of the attachments. I continued to stay focused on my work, working 65 hours a week and 24 hours 7 days a week on call. The HR Manager stated that if this is all they have then this isn't that bad. I stated that I don't think that there is anything else, but I am not going to look. I am going to delete everything in the folder and everything that comes in to me. The HR Manager stated that I was set up and he knew that. I showed my Manager that I deleted everything and each morning showed him the 200 plus Internet e-mails each day sent to my e-mail address. After this meeting I wrote an e-mail in my defense explaining my actions to the HR Manager and my Manager. Explaining what I did, why I did it and that I was not aware that this was not allowed. This was a private e-mail hidden from all eyes, behind closed doors, no one complained of offensiveness or told me this was wrong.

In May 2003, the Union membership was audited for porn actions on the Internet. They stated that porn cookies popped up and created cookies. The Company wrote a letter to all employees stating the policy of the Internet. Nothing happened to any employee, a public warning was given.

After this warning, someone got on the Internet and violated the policy, a verbal warning was given to that employee.

When the mechanics got caught with offensive material on the walls and table of their break room, they were told to remove it and not do it again.

The people I sent the received e-mail to (Shift Supervisors) sent it out in the plant and off site with no disciplinary action taken against them.

A Union Member making threats to a management staff member in front of department managers and only got a verbal warning. This same person made another threat and pushed himself into another person in a public rage and got a written warning for a second offense.

Our previous manager never reviewed any policies or procedures with his staff.

After I deleted all of the files and incoming jokes, Ted Butz sent out an e-mail stating POLICY ON ELECTRONIC COMMUNICATION, November 14, 2003.

I never took anything off of the Internet and e-mailed it to no one.

My computer was open to anyone 24 hours a day 7 days a week.

I had contractors and FMC employees use my computer for Internet research.

The company was aware of the plant issues with the changes they were directing me to drive (productivity, reduction of overtime, SAP Maintenance, etc.) and the threats the union was making.

The Newark Plant ITT Person was the one who set my e-mail folder up with me, because I got so many e-mails. We organized them in folders and it gave me a chance to review them in priority.

My previous manager knew I had the joke folder, because each time he would come into my office needing some data/history, I would mention the joke folder as we scroll through the file folders.

I had to get the Newark Plant ITT Person to set up my computer to hide my files, because someone was on my computer off hours. I had another engineer try my computer and he was able to get into all of my documents.

My first year at FMC, I inherited a 2 year pile of backed up work. My second year, FMC let 4 employees from our department go, which created additional work I had to pick up. My third year I was performing the maintenance engineer and maintenance supervisor roles. This was the reason I created e-mail folders.

Everyone who opens an e-mail joke and send it home to their e-mail address is as guilty as I am, because the e-mail could be intercepted with the FMC Logo.

No direct communication of any policies were given. When I was hired the HR person was training me, she stressed no sex harassment is tolerated. We did not get into any other policies.

I got hired under the same rules and policies of the Union and Hourly Employees.


The e-mail started with Ron Meyer (white male over 50) who got a written warning (confirmed this with Ron 12/21/2003 @ 8:50 p.m.). Tom Harris (black male) who forward the e-mail as I did, nothing happen to him (confirmed 12/21/2003 @ 9:05 p.m.). John Crosier (white male under 40) who received the e-mail from Tom forward it and nothing happen to him.

Additional History of disciplinary actions:
Dave Miller (black male) for stealing a desk received 1 week off 1995.

Jack Temple (white male) for intentional harassment, intimidation - first time got a verbal warning and the second time got a written warning (I have documentation).

Kai Keys (asian women) got 3 days off for a safety issue, flooded production and lab areas with 130 degree C hot water 2003. This was because of other disciplinary history she had against her (confirmed by Jeff Brown 12/29/2003 @ 11:30 a.m..



STATE OF DELAWARE
DEPARTMENT OF LABOR
DIVISION OF INDUSTRIAL AFFAIRS
4425 NORTH MARKET STREET
WILMINGTON, DELAWARE 19802

TELEPHONE (302) 761-8200
FAX (302) 761-6601

*Winner, Delaware Quality Award of Merit*

November 9, 2004

Mr. Frank Gillespie
4 Yorkshire Court
Bear, DE 19701

FMC BioPolmer
1301 Ogletown Road
Newark, DE 19711
Attn.: Robert L. Yori
Human Resources Manager

RE:    Gillespie v. FMC BioPolmer
       Case No.: 0312210/17CA400204
       Notice of Assignment

Dear Sir/Madam:

Please be advised that the above-referenced Charge of Employment Discrimination has been assigned to **Melinda Shelton** for investigation.

As the investigator, I would like to let you know that this office encourages settlement discussions at all stages of the administrative process. Toward that end, I am available to assist you now or at any time during the investigation with settlement attempts.

Both parties have had the opportunity to submit information to this Agency. I may also request additional information. If there are specific witnesses or other information you would like to bring to my attention, now is the time to do so.

Thank you for your cooperation in this matter. If you have any questions, please do not hesitate to contact me at (302) 761-8205.

Very truly yours,

Melinda Shelton
Labor Law Enforcement Officer
Office of Labor Law Enforcement

cc:  Julie K. Cutler, Administrator

Form I-01 : 11/04



STATE OF DELAWARE
DEPARTMENT OF LABOR
DIVISION OF INDUSTRIAL AFFAIRS
4425 NORTH MARKET STREET
WILMINGTON, DELAWARE 19802

TELEPHONE (302) 761-8200
FAX (302) 761-6601

January 5, 2004

Mr. Frank S. Gillespie
4 Yorkshire Court
Bear, DE 19701

RE:     Gillespie v. FMC BioPolmer
        Case No.: 03212210/17CA400204

Dear Mr. Gillespie:

This will acknowledge receipt of your Charge of Discrimination. You should keep this letter and the enclosed copy of your charge for future reference.

It is your responsibility to keep this Agency informed of your address and telephone number at all times. Should you change your address and/or telephone number, please notify this Agency immediately. Failure to do so could result in an administrative closure of your case.

Thank you for your attention.

Sincerely,

Julie K. Cutler, Supervisor
Office of Labor Law Enforcement

JKC/lcf

Enclosures



STATE OF DELAWARE
DEPARTMENT OF LABOR
DIVISION OF INDUSTRIAL AFFAIRS
4425 NORTH MARKET STREET
WILMINGTON, DELAWARE 19802

TELEPHONE (302) 761-8200
FAX (302) 761-6601

**CERTIFIED MAIL - RETURN RECEIPT REQUESTED**

January 5, 2004

Personnel Manager
FMC BioPolmer
1301 Ogletown Road
Newark, DE 19711

RE:    Gillespie v. FMC BioPolmer
       Case No.: 0312210/17CA400204
       Notice of Charge of Discrimination

Dear Sir/Madam:

The above-referenced Charge of Discrimination, a copy of which is enclosed, has been filed against your company. The Department of Labor offers the opportunity to engage in voluntary confidential mediation of charges filed with the agency. See the enclosed mediation program description and invitation form printed on yellow paper. Acceptance of the invitation to engage in mediation suspends all enforcement activity, including any requirement to respond to the charge, until the completion of the mediation process.

If you are not interested in mediation, **within twenty (20) days from receipt of this letter**, you must complete and return the enclosed "General Respondent Questionnaire". You may also file a Position Statement with copies of documents or other evidence supporting your position. Any information you provide may assist this office in our investigation, but does not foreclose further investigation if necessary.

Sincerely,

Julie Cutler, Supervisor
Office of Labor Law Enforcement

JKC/lcf

Enclosures



STATE OF DELAWARE DEPARTMENT OF LABOR
DIVISION OF INDUSTRIAL AFFAIRS
MEDIATION DEPARTMENT
4425 NORTH MARKET STREET
WILMINGTON, DE 19802
(302) 761-8316/ FAX: (302) 761-6601

W

0312210/17CA400204          Gillespie v. FMC BiPolmer

Charge Number and Case Name

## INFORMATION ON DEPARTMENT OF LABOR'S MEDIATION PROGRAM

The Delaware Department of Labor (DDOL) has instituted a mediation program. As explained in the attached information sheet, the DDOL is making available to respondents and charging parties an alternative to investigation and possible litigation of charges filed with this office. If you or your representative would like to engage in an effort to mediate this charge please provide the information requested below and return this letter **within ten (10) days** to:

> Ms. Julie Cutler, Supervisor
> Office of Labor Law Enforcement
> Department of Labor
> 4425 North Market Street
> Wilmington, Delaware 19802
>
> (FAX number 302-761-6601)

**If you agree to attempt mediation it is not necessary to respond to the charge or to the request for information**. If you choose not to take advantage of the invitation to mediate, the charge will be assigned to an investigator for usual DDOL processing and you should **respond to any attached requests for information or action by the date specified**. If you would like more information regarding DDOL's mediation program you may call the Mediation Unit at (302) 761-8316.

_____

Name

_____

Title

_____

Telephone Number

_____

Fax Number                E-mail Address



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Philadelphia District Office**

21 South 5ᵗʰ Street, Suite 400
Philadelphia, PA 19106-2515
(215) 440-2600
TTY (215) 440-2610
FAX (215) 440-2847, 2632 & 2848

EEOC Charge Number ___17CA400204___    DDOL Charge Number ___0312210___

### NOTICE OF CHARGE OF DISCRIMINATION

You are hereby notified that the above-referenced charge of employment discrimination has been received by the Labor Law Enforcement Section of the Delaware Dept. of Labor (DDOL) and sent to the EEOC for dual-filing purposes. This Notice is being sent to you by the DDOL, on behalf of EEOC, simultaneously with DDOL's notification to you of the filing of the charge with DDOL. The charge has been assigned the EEOC and DDOL charge numbers shown above. A copy of the charge is included with these Notices.

While EEOC has jurisdiction (upon the expiration of any 60-day deferral requirement if this is a Title VII or ADA charge) to investigate this charge, EEOC may refrain from beginning an investigation and await the issuance of DDOL's final findings and orders. These final findings and orders will be given weight by EEOC in making its own determination as to whether or not reasonable cause exists to believe that there has been a violation of the statute(s) administered by EEOC.

You are therefore urged to cooperate fully with the DDOL. All facts and evidence provided by you to the DDOL in the course of its proceedings will be considered by EEOC when it reviews the DDOL's final findings and orders. In many instances the EEOC will take no further action, thereby avoiding the necessity of an investigation by both the DDOL and the EEOC. This likelihood is increased by your full cooperation with the DDOL.

As a party to the charge, you may request that EEOC review the DDOL's final decision and order. For such a request to be honored, you must notify the EEOC in writing within of 15 days of your receipt of DDOL's final closure notification. Such a request should be forwarded to EEOC at the address shown in the letterhead above, to the attention of the State and Local Unit. If the DDOL terminates its processing without issuing a final finding and order or the charge is otherwise one which requires further EEOC processing, you will be contacted further by EEOC. Regardless of whether the DDOL or EEOC process the charge, the Recordkeepng and non-retaliation provisions of Title VII, the ADA and the ADEA as explained in the "EEOC Rules and Regulations" apply.

_____1/5/04_____
**Date**

_Marie M. Tomasso_
**Marie M. Tomasso, District Director**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Philadelphia District Office**

21 South 5ᵗʰ Street, Suite 400
Philadelphia, PA 19106-2515
(215) 440-2600
TTY (215) 440-2610
FAX (215) 440-2847

EEOC Charge No.: _17CA400204_    Date: _1/5/04_

Your charge of employment discrimination as filed with the Labor Law Enforcement Section of the Delaware Dept. of Labor (DDOL) will also be forwarded to the Philadelphia District Office of the U.S. Equal Employment Opportunity Commission (EEOC) for dual filing. This dual-filing is done in order to preserve your federal rights as explained below. The EEOC charge number will be assigned by the DDOL in addition to DDOL's own charge number. This letter, which will be sent to you by the DDOL, constitutes your notification of the dual-filing with EEOC. The Respondent named in your charge will also be notified by DDOL of the dual-filing with EEOC.

The EEOC will refrain from any processing of your charge until such time as the DDOL completes its processing and issues final findings and orders. At that time, the DDOL will notify the EEOC of the closure so that EEOC can review the DDOL finding. Those final findings and orders may be adopted by EEOC and the EEOC case would then be closed based on the DDOL proceedings.

However, under Section 1601.76 of EEOC's regulations, you are entitled to request that EEOC perform a Substantial Weight Review of the DDOL's final finding. To obtain this review, you must request it by writing to EEOC within 15 days of your receipt of DDOL's final finding in your case. Otherwise, EEOC will generally adopt the DDOL's findings.

To request the Substantial Weight Review, you should address your request to the address shown in the letterhead above, to the attention of the State and Local Unit. In addition, you should provide as much specific detail as possible as to why you are dissatisfied with the DDOL investigation or finding.

While your charge is being investigated by the DDOL, you should address any concerns or additional information concerning your charge or the DDOL investigation directly to the DDOL. This will ensure that such concerns or information are provided to the appropriate person(s). **Please do not contact EEOC directly as EEOC will not be able to assist you while the charge is being processed by DDOL. Also, please do not submit documents or evidence to EEOC since DDOL will be actively investigating the charge and will maintain the active case file.**

The dual-filing of the charge with EEOC will preserve your rights to file a private lawsuit in federal district court as follows:

a. If your charge is filed under Title VII of the Civil Rights Act of 1964, as amended (Title VII) (that is, based on race, sex, color, religion or national origin) or under the Americans with Disabilities Act of 1990, as amended (ADA) (that is, based upon mental or physical disability), you can only file a lawsuit in Federal Court if EEOC first issues you a Notice of Right to Sue. To obtain such a Notice, you must wait for 240 days from the date you filed your charge with DDOL. You must thereafter make a written request for issuance of the Notice of Right to Sue. This request can be sent directly

to EEOC at the address shown in the letterhead above or you can send the request to the DDOL for forwarding to EEOC. Upon its receipt, EEOC will issue you the Notice of Right to Sue and you would have 90 days in which to file suit. The issuance of the Notice of Right to Sue will normally result in EEOC terminating all further processing.

b. If your charge is filed under the Age Discrimination in Employment Act of 1967 as amended (ADEA), (that is, based on age 40 or older), you do not have to request a Notice of Right to Sue from EEOC if you wish to file a lawsuit in Federal Court. Instead, you must wait at least 60 days from the date you filed your charge with the DDOL, regardless of the status of the DDOL or EEOC processing. Thereafter, you can file a private lawsuit directly in Federal Court without first contacting EEOC in any manner.

If based upon EEOC's review of DDOL's final finding, the EEOC determines that the finding should be accepted as the basis for EEOC's closure, you will be so notified in writing. If the DDOL closure is for any reason other than a successful settlement or a withdrawal, the EEOC closure will also include a Notice of Right to Sue. This applies to charges filed under Title VII, the ADA and/or the ADEA. In such an event, you would then have 90 days from the date of your receipt of the Notice of Right to Sue to file suit in federal district court.

EEOC's regulations require that you notify EEOC of any change in address and keep us informed of any prolonged absence from your current address. However, if the DDOL is still processing your charge, you should forward any such notification or change of address directly to the DDOL. You should also cooperate fully with the DDOL in its processing of your charge.

Should you contact EEOC to request a Substantial Weight Review or to request a Notice of Right to Sue, please include the EEOC Charge Number shown at the top of page 1 in your correspondence to EEOC.

Sincerely,

Marie M. Tomasso
District Director

Ms. Julie Cutler
Supervisor
Office of Law Enforcement
State of Delaware
Department of Labor
Division of Industrial Affairs
Wilmington, DE 19802

**RE: Gillespie v. FMC Corporation**
**Case No.: 0312210/17CA400204**

**FMC Corporation**

200 East Randolph Drive
Chicago Illinois 60601
312 861 6000

DEPT. OF LABOR

JAN 1 8 2005

INDUSTRIAL AFFAIRS
OFFICE OF LABOR
LAW ENFORCEMENT



January 14, 2005

To: Ms. Melinda Shelton
    Labor Law Enforcement Officer
    State of Delaware Department of Labor
    4425 North Market St.
    Wilmington, Delaware  19802

RE: Gillespie v. FMC BioPolymer
    Case No: 0312210/17CA400204

Dear Ms. Shelton:

Please be advised that I represent FMC BioPolymer in the above captioned matter.  FMC is certainly willing to cooperate in the investigation and resolution of Mr. Gillespie's complaint.

However, please be advised that all inquiries of FMC management and supervisory personnel should be directed through me.   Further any requests for additional information/documents should be forwarded to my attention.

I trust that you have had an opportunity to review the position statement prepared by Mr. Yori.

Thank you for your cooperation.   My direction telephone number is: 312-861-5942. However since I travel quite often I will provide my cell number as well:  312-543-1258.

Yours truly,

George V. Trumbull
Attorney for FMC

cc: Ms. J. Cutler, Administrator
    Mr. R. Yori, H.R. Manager, FMC

Frank Gillespie
4 Yorkshire Court
York Farms
Bear, DE 19701
302-838-2115
gillespiefra@aol.com
State Case No.: 0312210/17CA

March 28, 2005

State of Delaware
Department of Labor
Division of Industrial Affairs
4425 North Market Street
Wilmington, Delaware 19802
Attn: Julie K. Cutler

Ms. Cutler,

I am following up on my request from February 11, 2005 letter, I requested copies of the State Case Number 0312210/17CA. I have not received notification to pick up the files or the additional cost if any. I am seeking counsel and need these files. Please respond.

Regards,

Frank Gillespie

Frank Gillespie

Frank Gillespie
4 Yorkshire Court
Bear, Delaware 19701
302-838-2115
gillespiefra@aol.com

January 25, 2005

State Of Delaware
Department of Labor
Division of Industrial Affairs
Theodore Robinson
Labor Law Enforcement Officer
4425 North Market Street
Wilmington, Delaware 19802

Dear Mr. Robinson,

I received your letter Thursday 20, 2005. I was never warned for any FMC policy violation. This includes Internet, E-Mail, Work performance, etc.. I had outstanding work performance evaluations. When I was hired I went through a new hire orientation and the only policy handed out to me was the code of ethics. The HR Manager Theresa Whithers was schedule for my orientation, but could never make the schedule. I explained this to the manager I reported to and his statement was O.K.. During this orientation I did not receive an employee handbook or received any policy training. During the 3 ½ years at FMC, no manager reviewed any policies with me. This includes Theresa Whithers (who was let go after 1 year of my hire date), Theresa Carr (left after 1 year for health reasons) and Robert Yori was hired and is there currently. Not one of these managers every reviewed the policies or had training on them with the employees. Robert Yori was still working on an employee handbook for the employees; it was not completed or given out to the employees.

The Internet issue did not involve the Engineering Staff; it was with the Maintenance Mechanics. Kirk Beshore the Maintenance Engineering Manager had a closed door meeting with Steve Scott (Maintenance Supervisor at that time) and the Mechanics. The computers the mechanics were using was alerted by IT Support for porn activities. The result from that meeting was awareness from the Department Manager's informing their staff members the Internet Policy. Kirk Beshore stated, "I don't have to tell you guys, you know what the Internet is used for." Not at any time did our Manager include or state the e-mail policy. Not one Mechanic got disciplined for their actions. About a year prior, I reported to Len Earl the IT Support person that someone was getting into my computer files. Len responded to my problem and showed me where to move the files so no one can get into them. Around the same time period Len Earl also had employees save their e-mails to their C Drive Archives, because he was running out of sever space. Following his request, I reviewed and filed the important files in archives. There was not a Joke Folder in my archive files. At this same time I kept receiving 150 plus e-mails a day from the Internet for bigger boobs, enlarge your penis, vigara, etc.. This was reported to Len Earl and my Manager, also I kept going in and answering the e-mail to remove me from their list. This did not help, they kept coming anyway. When Kirk Beshore left, Doug DeHart was hired as my new manager. I told Doug about my problem and he say to get IT involved. I did so, but the e-mails did not stop.

I was hired in as the Maintenance Engineer. The second year FMC let 14 employees from the management staff go. I was assigned additional work, Maintenance Engineer and Project Engineer. During my third year, I was assigned work of the Maintenance Supervisor. Then, I was performing my hired title Maintenance Engineer, Project Engineer and Maintenance Supervisor. As I stated to Kirk Beshore, I was hired to perform the Maintenance Engineer task. I did not refuse to perform any additional tasks given to me, I stated I will do what ever you need. During these times my time on the computer became limited. I had Len Earl show me how to set up e-mail folders so I can keep up with my workload. He was with me when he made a joke folder on the e-mail system. Not at any time did he say anything about an e-mail policy or violation.

I explained to Len Earl, I did not have time to go through all of the e-mails sent to me. This is why I need to put the e-mail in folders and review them as priorities allowed. He stated, "that is not a problem, because a lot of employees leaves their e-mails on their screen". He also stated, "they were considering to set up the e-mail to delete any e-mail that is not read within a 45 day period." This is history on why I had e-mail folders.

Ron Meyers of FMC sent me e-mails of jokes. I forward the e-mail about sizing to 4 employees in August 2003. One was a manager, two were supervisors, and 1 was an engineer. Not one person found it offensive or stated to me it was a policy violation. In October 2003, an employee of a different race e-mailed that e-mail to Bob Yori to get back at me for writing him up (as directed by my manager). By this employee during this, he also voilated company policy, because he kept it in his e-mail. The supervisor of another race had this e-mail and sent it to other people, kept it in his e-mail and was told by Bob Yori "don't worry about it, nothing is going to happen to you." A supervisor of younger age had this e-mail; he sent it out and kept it in his e-mail. Nothing happened to him, no disciplinary actions taken. These employees stated they kept jokes in their e-mail and this statement was made to Bob Yori. When I was called to Bob Yori's office, he asked me about the e-mail. I explained it to him and told him that I was not aware of doing anything wrong. I never went into the Internet, got material and e-mailed it. I forward e-mail as it was to me. I had managers e-mail me jokes and never stated there was a policy prohibiting this. I know now and I will delete everything. I will not open anything that was not work related and I would delete it. I showed Doug DeHart my e-mail and asked him to show me where to find the e-mail policy, it was on the FMC Internet site. The policies are the responsibility of the Department Managers to review and train their staff.

After this got out FMC started to have awareness meetings with the management staff and employees. At that time I saw where I was wrong, but I was not aware of the policy before. Employees of age and race differences were able to violate the policy without disciplinary results. Attached to this letter are examples of the e-mail files/folders for all e-mail accounts used by companies. Employees elect to use them or leave them on the main screens. This is the same as keeping a folder, it is in a private e-mail account assigned by a company. When this account was assigned, the IT employee should have given and reviewed all policies related to this account. I was discriminated against, race and age. My office and computer was open to all employees. In my office I had a HVAC computer control on a computer. Mechanics, Operators, Engineers, etc., were all aware of this. Even if I locked my office, the key was in the Production Supervisor's Office. Contractors and employees, depending on job assignments used my computer.

Witness statements were attached to the files dropped off.

Regards,

*Frank Gillespie*

Frank Gillespie



*Example: Inbox Mail*



Example: Sent Mail



*Example:  Sent Mail kept in a folder*



Example: This is a typical E-Mail Account

Take note the e-mail on the screen is where people leave them and the folders are used to organize them. All of this e-mail is still in the E-Mail Account, not on any drive in the computer.

These e-mails can be kept this way for years, as long as sever space is available. Employees had E-mails 6+ years old.



Sample:    Archive - stored in a Computer Drive or in a
              sever Drive.



Example: Folders on E-Mail Account.

Frank Gillespie
4 Yorkshire Court
York Farms
Bear, DE 19701
302-838-2115
gillespiefra@aol.com
State Case No.: 0312210/17CA

February 11, 2005

State of Delaware
Department of Labor
Division of Industrial Affairs
4425 North Market Street
Wilmington, Delaware 19802
Attn: Julie K. Cutler

Ms. Cutler,

    I received a notice for Mr. Kevin Nguyen in an envelope addressed to me. Attached to this letter is
that envelope with the letter. I am requesting a copy of the response letter from FMC; I have not received it.
An earlier letter from your department noted that a copy was given to both parties (State and myself). I did
not receive that letter, which did not allow me an opportunity to respond to it. I also want a copy of the case
file and will pay $.25 for each copy over 10 pages. Talking to one of my witnesses, he stated a
representative from your department called him. She asked him one question, "did you use Frank
Gillespie's computer at FMC." He stated no and she thanked him and hung up.  Tim Henson of York
International was one of the contractors who used my computer as per my documents. FMC failed to
review a policy with an employee, this employee was never issued an employee handbook, and the
employee used his e-mail as a filing database and was discriminated against for it.


Regards,

Frank Gillespie

Frank Gillespie

**STATE OF DELAWARE**
**DEPARTMENT OF LABOR**
**DIVISION OF INDUSTRIAL AFFAIRS**

P.O. BOX 9954

WILMINGTON, DE 19809-9954

60-07-001

"Official Business, Penalty For Private Use $300.00"

PRESORTE
FIRST CLAS:

**≡ 0.27 8**
PB METER
7117147
U.S. POSTAGE

WILMINGTON
FEB 07 05
DE

Mr. Frank Gillespie
4 Yorkshire Cout
York Farms
Bear, DE 19701

LARHEMS 19701

**STATE OF DELAWARE**
**DEPARTMENT OF LABOR**
**DIVISION OF INDUSTRIAL AFFAIRS – DISCRIMINATION UNIT**

Mr. Kevin Thien Nguyen                                            State Case No. – 05010005W
1748 S. 16th Street
Philadelphia, PA 19145

vs.

County Environment Company
461 New Churchman's Road
New Castle, DE 19720
Attn: Mr. Keith S. Betley

**PRELIMINARY FINDINGS AND RECOMMENDATIONS**

Pursuant to 19 Del. C. § 712 (c) (2), the parties in the above-captioned matter are hereby Noticed of the Department's Preliminary Findings and Recommendations.

1. The Charge of Discrimination was filed and served upon the Respondent.

2. The Respondent did not file an answer.  If an answer was filed, a copy was served upon the Charging Party.

3. Based upon the preliminary submissions referenced above, the Department recommends the following action:

☐      Dismissing the Charge unless additional information is received by (insert 20 days from this letter) and which would warrant further investigation.

☒      Referring the case for mediation based upon your submissions.  Your case will be scheduled by the Mediation Unit in the near future, requiring the parties' appearance.  Please wait for your notification of the scheduled appointment.

☐      Referring the case for investigation.  Based on your submissions, your case will be assigned to an investigator who will contact you.  Please wait for your notification from the assigned investigator.

Thank you for your cooperation throughout this administrative process.

On behalf of the Department of Labor, Division of Industrial Affairs, Discrimination Unit,

*Julie Cutler*

  02/04/05                              _____
Date                                    Julie K. Cutler, Administrator

*Delaware Department of Labor, Division of Industrial Affairs, 4425 N. Market St., Wilmington, DE 19802*

DOL Form C-11 : 10/04

Frank Gillespie
4 Yorkshire Court
York Farms
Bear, Delaware 19701
Home Phone: 302-838-2115
Work Phone: 302-576-8617
E-Mail: gillespiefra@aol.com

June 30, 2005

State of Delaware
Department of Labor
Division of Industrial Affairs
4425 North Market Street
Wilmington, Delaware 19802

Equal Employment Opportunity Commission
The Bourse, Suite 400
21 S. Fifth Street
Philadelphia, PA 19106-2515

Representatives of the State of Delaware and Equal Employment Opportunity Commission,

This letter is to inform you that I did not received your Final Determination and Right to Sue Notice as dated issued. The only thing I did receive at that time was a Preliminary Findings and Recommendations for a Kevin Thien Nguyen vs. County Environment Company. I wrote a letter, make copies and mailed this back to the Department of Labor. This Letter was addressed to me, but had another case inserted into the envelope.

Talking to a Lawyer today (June 30, 2005) is when I found out about a 90 day filing time, because I did not receive a notice on this right by mail. I was going through the copies I purchased from the Department of Labor and found this notice. As I stated through letters and at the time of picking up the copies that I wanted to pursue this case with counsel representation.

I also stated to the Department of Labor that I did not receive anything from FMC BioPolymer toward what they submitted to the State of Delaware. This is what I purchased from the State of Delaware. I was in the dark on what FMC was stating and could not counter or respond to their statements. I request the right to pursue this matter with counsel representation with a Delaware Right to Sue or Federal Right to Sue Notice.

This is my written request for the Right to Sue. Supporting documentation will follow this letter.

Regards,

Frank Gillespie

Frank Gillespie

STATE OF DELAWARE
DEPARTMENT OF LABOR
DIVISION OF INDUSTRIAL AFFAIRS

P.O. BOX 9954
WILMINGTON, DE 19809-9954

"Official Business, Penalty For Private Use $300.00"

60-07-001

LARHSMS 19701



PRESORTE.
FIRST CLAS:

FEB 07 05

U.S. POSTAGE

Mr. Frank Gillespie
4 Yorkshire Cout
York Farms
Bear, DE 19701

**STATE OF DELAWARE**
**DEPARTMENT OF LABOR**
**DIVISION OF INDUSTRIAL AFFAIRS – DISCRIMINATION UNIT**

Mr. Kevin Thien Nguyen                                     State Case No. – 05010005W
1748 S. 16th Street
Philadelphia, PA 19145

vs.

County Environment Company
461 New Churchman's Road
New Castle, DE 19720
Attn: Mr. Keith S. Betley

**PRELIMINARY FINDINGS AND RECOMMENDATIONS**

Pursuant to 19 Del. C. § 712 (c) (2), the parties in the above-captioned matter are hereby Noticed of the Department's Preliminary Findings and Recommendations.

1. The Charge of Discrimination was filed and served upon the Respondent.

2. The Respondent did not file an answer. If an answer was filed, a copy was served upon the Charging Party.

3. Based upon the preliminary submissions referenced above, the Department recommends the following action:

☐   Dismissing the Charge unless additional information is received by (insert 20 days from this letter) and which would warrant further investigation.

☒   Referring the case for mediation based upon your submissions. Your case will be scheduled by the Mediation Unit in the near future, requiring the parties' appearance. Please wait for your notification of the scheduled appointment.

☐   Referring the case for investigation. Based on your submissions, your case will be assigned to an investigator who will contact you. Please wait for your notification from the assigned investigator.

Thank you for your cooperation throughout this administrative process.

On behalf of the Department of Labor, Division of Industrial Affairs, Discrimination Unit,

*Julie Cutler*

__02/04/05__                        _____
Date                                   Julie K. Cutler, Administrator

*Delaware Department of Labor, Division of Industrial Affairs, 4425 N. Market St., Wilmington, DE 19802*

DOL Form C-11 : 10/04