## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| Frank Gillespie )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FMC BioPolymer, )<br>)<br>Defendant. ) | Civil Action No. 1:05-CV-00715-KAJ |

### DEFENDANT'S MEMORANDUM OF LAW
### IN SUPPORT OF MOTION TO DISMISS

FMC Corporation's FMC BioPolymer Division ("FMC"), Defendant, submits this Memorandum of Law in support of its Motion To Dismiss the Complaint filed by Frank Gillespie ("Gillespie"), Plaintiff.

### Procedural Posture

The Plaintiff, appearing *pro se*, filed his Complaint on or about October 4, 2005, purporting to state a claim for relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. Missing from the bundle of papers attached to his Complaint was any document purporting to be a right-to-sue letter from the Equal Employment Opportunity Commission. The Defendant has no reason to believe that such a letter was ever sought or obtained.

The Plaintiff's motion to proceed *in forma pauperis* was denied on October 13, 2005, based on his annual income of $46,800. On May 9, 2006, this Court ordered the Plaintiff to show cause why his case should not be dismissed for failure to serve process within 120 days for filing his Complaint, pursuant to Fed. R. Civ. P. 4(m). On June 8, 2006, the Plaintiff accomplished service on the Defendant.

## **Argument**

"A complainant may not bring a Title VII suit without having first received a right-to-sue letter." *Burgh v. Borough Council*, 251 F.3d 465, 470 (3d Cir. 2001). Without such final agency action, the complainant has not exhausted his administrative remedies. *Id.* at 471; 42 U.S.C. § 2000e-5(f)(1). Here, the Plaintiff has not attached a right-to-sue letter to his Complaint (despite the Complaint's pre-printed admonition, in boldfaced and italicized capital letters, to do so). Nor does the record contain any evidence that he ever received such a letter, or even sought one. Therefore, his Complaint is subject to dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6).

Although the voluminous attachments to the Complaint include a "Notice of Delaware Rights," a state right-to-sue letter is insufficient to support a federal claim under Title VII. *Roman v. County of Los Angeles*, 85 Cal. Rptr. 2d 13, 19-20 (Cal. Ct. App. 2000). Application of this rule is especially appropriate where, as here, the potential plaintiff is advised in writing of the need for a federal right-to-sue letter and how to obtain it. Attached to the Plaintiff's Complaint is a letter dated January 15, 2004, from the EEOC's Philadelphia District Office to the Plaintiff, stating in pertinent part:

> If your charge is filed under Title VII of the Civil Rights Act of 1964, as amended (Title VII) (that is, based on race, sex, color, religion, or national origin) . . . you can only file a lawsuit in Federal Court if EEOC first issues you a Notice of Right to Sue. To obtain such a notice, you must wait for 240 days from the date you filed your charge with DDOL. You must thereafter make a written request for issuance of the Notice of Right to Sue. This

request can be sent directly to EEOC at the address shown in the letterhead above [21 South 5th Street, Suite 400, Philadelphia, PA 19106-2515] or you can send the request to the DDOL for forwarding to EEOC. Upon its receipt, EEOC will issue you the Notice of Right to Sue and you would have 90 days in which to file suit.

In addition, the Delaware notice attached to the Plaintiff's Complaint states:

### NOTICE OF FEDERAL RIGHTS

* * *

2. If your case was also filed under federal law, you have the right to request a federal Right to Sue Notice from the EEOC. To obtain such a federal Right to Sue Notice, you must make a written request directly to EEOC at the address shown below. Upon its receipt, EEOC will issue you a Notice of Right to Sue and you will have ninety (90) days to file suit. The issuance of a Notice of Right to Sue will normally result in EEOC terminating all further processing.

3. Requests to the EEOC should be sent to:

Equal Employment Opportunity Commission
The Bourse, Suite 400
21 S. Fifth Street
Philadelphia, PA  19106-2515

There are no mitigating factors in the record to explain the absence of a federal right-to-sue letter, and the Defendant has no reason to believe that one was ever sought or obtained. Under these circumstances, the Plaintiff's Complaint is subject to immediate dismissal for failure to exhaust administrative remedies.

### Conclusion

For the reasons above stated, the Defendant respectfully requests that this Court enter an

order in the form submitted herewith, causing the Plaintiff's Complaint to be DISMISSED.

        Respectfully submitted,
        MICHAEL P. MORTON, P.A.
        */s/ Michael P. Morton, Esquire*
        Michael P. Morton (#2492)
        1203 North Orange Street
        Wilmington, Delaware 19801

Dated: June 28, 2006